**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3687
_____

MEI FANG GUO,
                                        Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A078-079-077)
Immigration Judge:  Honorable Donald Ferlise
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 8, 2012
Before:  FISHER, WEIS and BARRY, Circuit Judges
(Opinion filed: March 13, 2012)
_____

OPINION
_____

PER CURIAM.

Mei Fang Guo petitions for review of a decision of the Board of Immigration

Appeals (BIA).  For the reasons below, we will deny the petition for review.

Guo, a native of China, entered the United States on February 20, 2000.  On

March 2, 2000, she was charged as removable as an alien not in possession of valid entry

1

documents. Guo conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). She argued that she had been forcibly sterilized in China pursuant to the family planning policy. After a hearing, an Immigration Judge (IJ) made an adverse credibility finding and denied relief. The BIA affirmed without an opinion in November 2002.

In December 2002, Guo filed an unsuccessful pro se motion to reconsider which repeated the arguments made in her asylum application. In January 2006, Guo filed a pro se motion to reopen in which she argued that she would be persecuted for leaving China illegally. The BIA denied the motion. In September 2006, Guo filed another pro se motion to reopen arguing again that she was entitled to asylum for her sterilization and the persecution she faced for her illegal departure. The BIA concluded that Guo had submitted no new evidence of changed country conditions and denied the motion.

In June 2009, Guo filed a counseled motion to reopen in which she argued that she would be persecuted in China based on her Christian religious beliefs. The BIA described the evidence she submitted and determined that it did not demonstrate changed country conditions. In April 2010, Guo filed another counseled motion to reopen in which she again argued that she would be persecuted based on her religious beliefs. In January 2011, the BIA thoroughly addressed and rejected Guo's evidence and denied the motion to reopen. Undeterred, Guo filed another counseled motion to reopen in February 2011. Again, she argued that she would face persecution in China based on her religious beliefs. She contended that the changed country conditions in China entitled her to

2

reopen her asylum proceedings. The BIA determined that Guo had not shown changed country conditions in China and denied the motion. Guo then filed a petition for review.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for an abuse of discretion. Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002) (citation omitted). We review the BIA's factual determinations under the substantial evidence standard. Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003) (en banc). The BIA's findings are considered conclusive unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). An alien generally may file only one motion to reopen, and must file the motion with the BIA "no later than 90 days after the date on which the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2). There is an exception to the time and number requirements for motions that rely on material evidence of changed circumstances arising in the country of nationality. 8 C.F.R. § 1003.2(c)(3).

In her brief, Guo discusses changes to Chinese governmental regulations concerning religious affairs. Because these changes became effective in 2005, Guo argues that they constitute changed conditions since her hearing in 2001. However, she has not shown how the changes to these regulations[1] are material to her claim for asylum

---

[1] Guo does not explain why she did not submit these regulations with her June 2009 and April 2010 motions to reopen.

3

based on religious persecution or how conditions for Christians in China have changed since her hearing. As noted by the BIA in its January 2011 decision, Guo conceded in a prior counseled motion to reopen that in 1999, the Secretary of State had designated China as a "Country of Particular Concern" under the International Religious Freedom Act for particularly severe violations of religious freedom. A.R. at 176. This designation was before Guo's hearing in 2001.

Guo argues that the BIA failed to address the evidence she submitted. She contends that she submitted voluminous background material that the BIA did not carefully consider. However, in its decision, the BIA noted Gou's evidence—articles and unauthenticated letters from 2004 through 2009 regarding Christians in China—and determined that Gou had not shown changed country conditions. We have previously explained that the BIA is not required to "write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." Filja, 447 F.3d at 256 (citation omitted). While brief, the BIA's explanation of its reasons for denying Gou's fifth motion to reopen was sufficient.

Guo also cites to two letters in which the Yingyu Village Committee accuses her of illegal religious activities. She asserts that a friend, Wu Chen, was fined by the Village Committee for his religious activities. However, in its prior decisions, the BIA rejected such letters on the grounds that they were unsigned and unauthenticated. A.R. at 147-49, 271. Moreover, the BIA noted that it was not persuaded that the Village

Committee had any governmental authority. A.R. at 149. Guo did not petition for review of those decisions. She also argues that another friend, Liang Shan Tian, was persecuted in China after Guo sent her a Bible. This friend was not mentioned in the motion to reopen, and Guo does not give a citation to the record to support this statement.

Guo has not demonstrated that the BIA abused its discretion in denying her motion to reopen. Accordingly, we will deny the petition for review.